NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| RAY A. JACKSON, | |
| Plaintiff, | |
| V. | Civil Action No. 04-cv-3717 (PGS) |
| CITY OF PATERSON, EDDIAL LUGO, Detective, and LOUIS DELUCCA, Detective | **OPINION** |
| Defendants. | |

### SHERIDAN, U.S.D.J.

This matter comes before the Court on two motions for summary judgment, filed on behalf of Defendant Detectives Eddial Lugo and Louis De Lucca, to dismiss Plaintiff Ray Jackson's Complaint. Oral argument was held on August 2, 2006. Mr. Jackson participated via video-teleconference from the Passaic County Correctional Facility.

Plaintiff makes several claims with regard to his arrest and subsequent treatment by various police officers, judges, prosecutors, and others in his civil rights Complaint. The Complaint against all the other defendants except for the detectives was previously dismissed. The plaintiff alleges that defendants failed to read the plaintiff his Miranda rights, unlawfully detained/falsely imprisoned the plaintiff by locking him in a room while not placing plaintiff under arrest, denied plaintiff the opportunity to make a phone call, and failed to "serve [plaintiff] with a complaint, charge [plaintiff], [or] bring [plaintiff] in front of a judge."

I

*Heck v. Humphery*, 512 U.S. 477, 486-487, 114 S. Ct. 2364 (1994) is the controlling case in this matter. The Supreme Court held that:

> A state prisoner may seek federal-court §1983 damages for unconstitutional conviction or confinement, but only if he has previously established the unlawfulness of his conviction or confinement, as on appeal or on habeas. This has the effect of requiring a state prisoner challenging the lawfulness of his confinement to follow habeas's rules before seeking §1983 damages for unlawful confinement in federal court.

Taken further, as noted in a recent opinion of this district:

> [I]n determining whether a complaint states a claim under §1983, [courts are instructed] to evaluate whether a favorable outcome would necessarily imply the invalidity of a criminal judgment. Thus, when a state prisoner seeks damages in a §1983 suit, the district court must consider whether a judgment in favor of the plaintiff would necessarily imply the invalidity of his conviction or sentence; if it would, the complaint must be dismissed unless the plaintiff can demonstrate that the conviction or sentence has already been invalidated. But if the district court determines that the plaintiff's action, even if successful, will not demonstrate the invalidity of any outstanding criminal judgment against the plaintiff, the action should be allowed to proceed, in the absence of some other bar to the suit.

*Demby v. Campbell*, 2006 WL 314530 (D.N.J. 2006) (Kugler).

At oral argument, plaintiff advised that he has yet to be sentenced in connection with the underlying conviction. Therefore, no appeal has been made nor has a habeus petition been submitted. Considering that a ruling in favor of the plaintiff on the issues of the forced photographs (which ultimately led to the plaintiff's identification by the victim), whether the plaintiff was formally charged, and whether the plaintiff was provided with a first appearance hearing before a judge, would call into question the validity of the conviction, the plaintiff's request for relief is premature and a determination by this Court at this time would be improper. Heck, 512 U.S. at 486-487.

Therefore, plaintiff's claims and allegations regarding the forced photographs, failure to

charge, and failure to provide a first appearance before a judge are dismissed without prejudice, until such time when plaintiff can demonstrate that his conviction has been invalidated.

II

The plaintiff has claimed that his constitutional rights were violated by defendants' conduct because he was locked in the interrogation room at the police station at a time when plaintiff was not formally placed under arrest.

In the criminal proceeding, the Honorable Raymond A. Reddin, J.S.C. issued a pretrial opinion in which the issue was addressed. Judge Reddin found that plaintiff was "brought to headquarters willingly and was reasonably detained for 'investigative purposes,' so that a determination could be made if he should be arrested and charged." See *State of New Jersey v. Jackson*, Order and Decision Regarding All Pretrial Issues, Indictment No. 03-07-0681-I & 04-08-1078-I, Superior Court of New Jersey, Criminal Division, Passaic County.

While plaintiff was not formally placed under arrest during a portion of his detention, Judge Reddin found that the officers had sufficient probable cause to detain the plaintiff for investigative purposes. The Court went on to suggest that had the officers placed the plaintiff under arrest earlier, adequate probably cause existed to do so.

The doctrine of collateral estoppel bars any matter that has been put in issue and has been directly determined adversely to the party against whom estoppel is asserted. *Wheeler v. Nieves*, 762 F. Supp. 617, 625 (D.N.J. 1991)(citing *New Jersey-Philadelphia Presbytery v. New Jersey State Bd. Of Higher Ed.*, 654 F.2d 868, 876 (3d Cir. 1981)). "[C]ollateral estoppel does apply 'in cases in which a convicted defendant sues the government on a claim that is inconsistent with facts established by the conviction.'" *Brown v. City of Trenton*, 2006 U.S. Dist. Lexis 40359 (June 19, 2006) (quoting *Wright, Miller & Cooper, Federal Practice and Procedure*: Jurisdiction §4474). The

court must afford the findings of the previous state court criminal proceeding full faith and credit. *Wheeler*, 762 F.Supp. at 626.[1]

With the Superior Court's finding that probable cause existed sufficient to detain the plaintiff for investigative purposes, this Court must afford full faith and credit to this ruling and, therefore, plaintiff is collaterally estopped from asserting this claim.

III

As to the remaining claims, which include failure to provide Miranda warnings, denying plaintiff's request to call his attorney, and subjecting plaintiff to a single person lineup, plaintiff has failed to state a right of action under 42 U.S.C. §1983 recognized by this Court.

"[V]iolations of the prophylactic Miranda procedures do not amount to violations of the Constitution itself." *Giuffre v. Bissell*, 31 F.3d 1241, 1256 (3d Cir. 1994). See *Warren v. City of Lincoln*, 864 F.2d 1436, 1442 (8th Cir.), cert denied, 490 U.S. 1091, 109 S. Ct. 1231 (1989); *Bennett v. Passaic*, 545 F.2d 1260, 1263 (10th Cir. 1976). The Third Circuit has long held:

> The right protected under the Fifth Amendment is the right not to be compelled to be a witness against oneself in a criminal prosecution, whereas the "right to counsel" during custodial interrogation recognized in Miranda v. Arizona, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966), is merely a procedural safeguard, and not a substantive right.

*Giuffre*, 31 F.3d at 1256. Likewise, in *Hensley v. Carey*, 818 F.2d 646 (7th Cir. 1987), a Seventh

---

[1] Counsel for one of the defendants argues that res judicata acts as a bar to this suit. Collateral estoppel is the more applicable defense in this context. "Res judicata simply does not apply when the first action is criminal and the second action is civil. It is manifest that a defendant may not assert a civil counterclaim in the context of a criminal proceeding – therefore [plaintiff] had no opportunity to raise his claims in the prior proceeding." Sibert v. Phelan, 901 F.Supp. 183, 186 (D.N.J. 1995) (citing Hernandez v. City of Los Angeles, 624 F.2d 935, 937 (9th Cir. 1980); *Wright, Miller & Cooper, Federal Practice and Procedure*: Jurisdiction §4474) (internal citations); see also Brown v. City of Trenton, 2006 U.S. Dist. Lexis 40359 (June 19, 2006) (Brown) ("because res judicata cannot be applied as the prior state action was criminal in nature, Defendant is limited to a collateral estoppel claim of preclusion.")

Circuit case, the court applied the same logic to single person lineups. There is no "right to an impartial lineup as long as the evidence gained through that lineup is not used at trial. Thus, the defendants could not have violated [the plaintiff's] constitutional rights simply by subjecting him to a lineup which was allegedly unduly suggestive." *Id.* at 650.

In this case, Judge Reddin noted that no statements were made or used against the plaintiff in violation of plaintiff's Miranda rights or right to counsel and refused to allow evidence of the single person lineup. Whether or not the lineup was unduly suggestive is of no consequence. The plaintiff's constitutional rights were not infringed upon and no claim can be made under §1983.

IV

In summary, plaintiff's claims for forced photographs, failure to charge, and failure to provide a first appearance before a judge are dismissed without prejudice, while the plaintiff's claims for unlawful detainment/false imprisonment, failure to provide Miranda warnings, denial of request to call his attorney, and subjecting plaintiff to a single person lineup are dismissed with prejudice.

s/Peter G. Sheridan

August 18, 2006         PETER G. SHERIDAN, U.S.D.J.